O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB BAILEY, | ) NO. CV 12-2855-DOC (MAN) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) AS SECOND OR SUCCESSIVE |
| M.D. BITER, | ) AND DENYING A CERTIFICATE |
| | ) OF APPEALABILITY |
| Respondent. | ) |
| _____ | ) |

Petitioner, a California state prisoner, filed a 28 U.S.C. § 2254 habeas petition on April 2, 2012 ("Petition").  The Petition is the second habeas corpus petition filed by Petitioner in this Court stemming from his 1999 state court conviction.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On May 1, 2003, Petitioner filed a Section 2254 habeas petition in this Court in Case No. CV 03-3061-GLT (JLT) (the "Prior Action"). The petition in the Prior Action challenged the same 1999 state court conviction at issue here. Petitioner raised claims challenging the sufficiency of the evidence to support his conviction, asserting that instructional errors occurred, and alleging that his trial counsel provided ineffective assistance in several respects.[1] On April 20, 2005, Judgment was entered in the Prior Action, denying habeas relief on the merits and dismissing the action with prejudice. Petitioner appealed, the Ninth Circuit denied a certificate of appealability, and the mandate issued on March 29, 2006 (Case No. 05-5578)

On January 4, 2012, Petitioner filed an application in the Ninth Circuit for leave to file a second or successive petition (Case No. 12-70019). The proposed Section 2254 habeas petition appended to Petitioner's application was essentially identical to the Petition filed in this case. On February 16, 2012, the Ninth Circuit denied Petitioner's application, finding that he had not made the prima facie showing required by 28 U.S.C. § 2244(b)(2).

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas

---

[1]   Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of this district's case files and records as well as the dockets for the United States Court of Appeals for the Ninth Circuit available through the PACER system.

petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the Prior Action, Petitioner sought Section 2254 relief based on the same state court conviction at issue here, and his habeas petition was resolved adversely to him on its merits.  His present claims stem from the asserted ineffective assistance of his appellate counsel and the failure of the state courts to grant him relief on that basis; they do not rest on newly-discovered evidence or a new and retroactively-applicable rule of constitutional law, as is required by 28 U.S.C. § 2244(b)(2)(A)-(B).  Accordingly, the current Petition is second or

1  successive within the meaning of Section 2244(b).[2]

2

3     Critically, although the Ninth Circuit explicitly denied Petitioner

4  leave to bring this second or successive Petition through its Order of

5  February 16, 2012, he has filed the Petition in disregard of the Ninth

6  Circuit's Order.  As Petitioner has been denied permission to bring a

7  second or successive petition, this Court lacks jurisdiction to consider

8  the Petition.  28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157,

9  127 S. Ct. at 799 (district court lacks jurisdiction to consider the

10  merits of a second or successive petition absent prior authorization

11  from the circuit court).  Accordingly, IT IS ORDERED that:  the Petition

12  is DISMISSED; and Judgment shall be entered dismissing this action

13  without prejudice.

14

15     In addition, pursuant to Rule 11(a) of the Rules Governing Section

16  2254 Cases in the United States District Courts, the Court has

17  considered whether a certificate of appealability is warranted in this

18  case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-

19  85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a

20  certificate of appealability is unwarranted, and thus, a certificate of

21  appealability is DENIED.

22

23  DATED: April 5, 2012.

24                                    *David O. Carter*

25                                    ─────────────────────────
                                      DAVID O. CARTER

26                                    UNITED STATES DISTRICT JUDGE

27  ────────────────

28      [2]   The instant Petition also appears to be substantially
    untimely.

4

PRESENTED BY:

_____
        MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE